CHIN, J., Concurring.
I agree entirely with the majority opinion, which I have signed. I write separately only to comment on defendant’s argument that the trial court erred in admitting, at the guilt phase, evidence of two *351 uncharged murders. (See maj. opn,, ante, at pp. 325-332.) In my view, admitting evidence of only two uncharged murders, and only for a limited purpose, was unnecessarily favorable to defendant.
The evidence presented at the guilt and penalty phases shows that defendant committed four murders in four different states over a six-week period; the charged murder in California and later uncharged murders in Mississippi, Florida, and Louisiana. But the trial court admitted at the guilt phase evidence of only two of the uncharged murders—those committed in Florida and Louisiana. Evidence of the Mississippi murder was not presented until the penalty phase. Moreover, the court instructed the guilt phase jury it could consider the two uncharged murders solely on the question of intent. (Maj. opn., ante, at pp. 302, fn. 2, 327, fn. 3, 327 & fn. 4.)
The trial court had discretion, however, to admit evidence of all three uncharged murders on the question of defendant’s identity as the killer.
The following facts alone provide a compelling inference that defendant committed all four murders: Within a six-week period four women in four different states on four different occasions were murdered shortly after they met defendant, previously a stranger to them, in a bar and socialized with him, and defendant suddenly disappeared from the area at precisely the time each murder occurred. (As the majority opinion explains (maj. opn., ante, at pp. 327-328), there were yet other similarities among the murders.) I can conceive of only two possible scenarios consistent with defendant’s not being the killer under these circumstances, both unreasonable: (1) Another person, who left behind no evidence of his or her existence, followed defendant from state to state and murdered the women with whom defendant began to socialize at just the time he chose to leave the area or (2) it is sheer coincidence that each of the four women was murdered by someone else shortly after defendant began socializing with them, and that defendant happened to disappear at precisely the time of each murder. Perhaps one might accept as coincidence two murders in two different states under these circumstances. But when the third and then the fourth murders are added, coincidence cannot be a reasonable explanation.
The compelling—and entirely legitimate—inference from these facts is that defendant committed all four murders, including the charged California murder. The evidence “ ‘virtually eliminates the possibility that anyone other than the defendant committed the charged offense.’ ” (People v. Gray (2005) 37 Cal.4th 168, 203 [33 Cal.Rptr.3d 451, 118 P.3d 496].) These similarities “lead[] to the reasonable inference that defendant was the person who committed all three [(here, four)] crimes.” (People v. Medina (1995) 11 Cal.4th 694, 748 [47 Cal.Rptr.2d 165, 906 P.2d 2].)
*352 Because the trial court had discretion to admit evidence of all three uncharged murders for all purposes, including identity, it certainly did not err to defendant’s prejudice by admitting evidence of only two of those murders for limited purposes. Accordingly, I agree with the court’s rejection of defendant’s arguments to the contrary.
Appellant’s petition for a rehearing was denied August 28, 2013.